ON MOTION TO SET ASIDE MANDATE
HAWKINS, Justice,
for the Court:
Sarah Louise Greely has filed a motion to set aside a former (unpublished) opinion of this Court and to quash the mandate resulting therefrom. Because appellate proceedings were conducted without notice to her, we sustain the motion and reinstate the appeal to its ante-opinion status.
Paul Brumfield, Jr., and Sarah Louise Greely were formerly married and had one child, Stephon Lache Brumfield. Court proceedings were held in a state court of California, and in 1979 (at least until December 22, 1979) Mr. Brumfield had the physical custody of the child. On that date Stephon travelled by plane to the New Orleans airport and was picked up by Mrs. Greely that night.
According to Mrs. Greely, Stephon “was supposed to go back” on December 27,1979, but she telephoned Mr. Brumfield and informed him that she was not returning the child, “because my son didn’t want to go back and my husband’s wife (presumably the current Mrs. Brumfield) had asked me that I didn’t send him back.” [1]
Pursuant to a request from California, the Governor of Mississippi, on August 8, 1980, issued an extradition warrant to the Sheriff of Harrison County, Howard L. Hobbs, for the arrest of Mrs. Greely and *587 delivery of her into the custody of officers of California. The warrant charged her with having committed the crime of “extension of visitation rights,” and further that she “has fled from justice, and is to be found in the state of Mississippi, where she has taken refuge.”
Mrs. Greely filed a petition for a writ of habeas corpus in the Chancery Court of the First Judicial District of Harrison County, directed to Sheriff Hobbs, and the return of the sheriff stated that she had originally been arrested on February 14,1980, but had been released on an appearance bond, and was still at liberty under bond in the custody of her sureties. The sheriff’s return was dated and filed September 18, 1980.
Mrs. Greely’s attorney was Mr. John M. Sekul of the law firm of Sekul, Hornsby, Wallace and Teel of Biloxi. Hearing was held on the petition October 13, 1980. Mrs. Greely testified after she was arrested February 14, 1980; she was released on her own recognizance; Mrs. Claire Hornsby, a member of the law firm, secured her bond and talked to the sheriff.[2]
At the hearing, Mrs. Greely testified that she had not fled from California but, in fact, had not been in California after March 1979 when she was in that state for a court hearing regarding Stephon.
No details or information concerning the crime with which Mrs. Greely was charged were given to the chancellor. The only evidence furnished the chancellor was the Governor’s extradition warrant.
At the conclusion of the hearing, the chancellor rejected the contention of Sheriff Hobbs, presented by the attorney general’s office, that Mrs. Greely was not in his custody. The chancellor held that Mrs. Greely was in the custody of the sheriff, and only her physical custody was with her attorney to whom the sheriff had released her upon her own recognizance. The chancellor further held that the sheriff had control of Mrs. Greely, and would either keep her in jail or let her remain at liberty.
The chancellor then held that Mrs. Greely was not a fugitive from California, but had been in Mississippi during the time complained of, and that court orders had been rendered in Mississippi concerning Stephen’s custody during this period of time. On November 3, 1980, he entered a final order granting her petition and directing the sheriff to release her from custody. Sheriff Hobbs, represented by the attorney general’s office, perfected an appeal to this Court. The following events then transpired:
1. On December 30, 1980, Mr. Sekul filed a motion in the chancery court to withdraw as counsel, which was opposed by the attorney general’s office.
2. On March 3, 1981, the clerk of this Court notified counsel that the record had been filed here.
3. On March 18, 1981, Mr. Sekul filed a motion to withdraw as counsel, again opposed by the state, but which motion was granted by this Court.
4. No assignment of error or brief was filed by the attorney general’s office as required by our Rules, and the appeal was dismissed May 13, 1981.
5. The attorney general’s office filed a motion to reinstate the appeal on May 20, 1981. A copy of this motion and notice was mailed to Mrs. Greely, c/o Harrison County Courthouse, Gulfport, Mississippi 39501.[3]
6. On June 10, 1981, we reinstated the appeal. An assignment of error, statement of the case, and appellant’s brief were filed by the attorney general’s office on June 22, 1981. Copies were mailed to Mrs. Greely, c/o Harrison County Courthouse.
7. No response was filed by Mrs. Greely, and in September 1981, we issued an unpublished opinion reversing and rendering the order of the Chancery Court of Harrison County.
*588 8. On July 9, 1982, a motion was filed with this Court by Mrs. Greely and her present attorney, Don W. Fredericks of Gulfport, to quash our mandate. On oath she alleged she was not served with any appellate notices.
Therefore, since Mrs. Greely was not served with a copy of the motion to reinstate the appeal, the assignment of error, or brief of the attorney general’s office, we set aside our former opinion, order, and mandate, and restore this case to a pending status.
The attorney general’s office is directed to mail copies of the abstract, assignment of error, and brief to counsel for Mrs. Greely forthwith, and Mrs. Greely shall file her brief with this Court on or before the 4th day of October, 1982, following which the attorney general’s office shall have ten (10) days in which to file a rebuttal brief.
MOTION SUSTAINED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, DAN M. LEE and PRATHER, JJ., concur.

. The record fails to give relevant details of the background of this matter occurring in California, as well as the age of Stephon.

. Again, the record is skimpy on any detail of her release or bond.

. The explanation of this failure to ascertain Mrs. Greely’s correct mailing address was the offhand memory of the attorney that she was employed in the courthouse.